# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEVIN LEE MELCHER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 11-CV-736-GKF-PJC |
| JAMES HUBER, on behalf of the Collier & Huber Law Firm; MARK COLLIER, on behalf of the Collier & Huber Law Firm, | ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

On November 21, 2011, Plaintiff, a federal prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed *in forma pauperis* (Dkt. # 2). On November 30, 2011, the Court granted Plaintiff's motion to proceed *in forma pauperis* and required payment of an initial partial filing fee of $21.00. See Dkt. # 3. On December 19, 2011, Plaintiff paid the initial partial filing fee in compliance with the Court's Order. See Dkt. # 5.

**A. Complaint shall be dismissed**

In his complaint (Dkt. # 1), Plaintiff claims that he retained Defendants to provide legal representation during criminal proceedings in this federal court.[1] Plaintiff alleges that he paid Defendants a total of $20,000 in the spring of 2007, and that Defendants filed an entry of appearance, a motion to suppress, a motion to sever, and a motion to disclose 404B evidence on his

---

[1]The Court's records reflect that Plaintiff is in federal custody pursuant to a judgment filed December 26, 2007, in N.D. Okla. Case No. 07-CR-018-CVE. In that case, Plaintiff pled guilty to the charge of Conspiracy to Possess and Distribute in excess of 80 pounds of marijuana and 1.5 kilograms of methamphetamine and was sentenced to life imprisonment. He appealed his conviction to the Tenth Circuit Court of Appeals. On October 29, 2008, the Tenth Circuit dismissed the appeal. Plaintiff has also been denied relief under 28 U.S.C. § 2255.

behalf. Then, on June 6, 2007, Defendant Huber filed a notice of a potential conflict and informed Plaintiff that due to the conflict they would have to withdraw from representation and return the $20,000 retainer, less a small fee for preparation and filing of the motion to suppress. Plaintiff claims, however, that to date, Defendants have failed to refund the retainer. Plaintiff further claims that he and his family have made countless attempts to retrieve the money, but their efforts have proved unsuccessful. As a result, Plaintiff identifies one count, as follows: "Defendants have violated Plaintiff's Sixth Amendment right (and committed fraud in the process) by not refunding his money and thus, preventing him from retaining adequate and effective counsel, and then ultimately leaving him in a very compromising position to face a serious criminal matter with counsel whom [sic] did not have best interests in mind and thus, plaintiff ended up receiving a life sentence." (Dkt. # 1). Plaintiff seeks to recover a "full refund of the retainer that was paid, as they committed fraud by definition. And to grant Plaintiff relief that the Court deems appropriate for the mental anguish and punitive damages occurred as a result." See id. For the reasons discussed below, the Court finds Plaintiff's complaint shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**1. Standard for dismissal**

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See § 1915(e)(2). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is

plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**2. Claim against retained attorneys fails to state a § 1983 claim**

As stated above, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983. To state a cause of action under 42 U.S.C. § 1983, the challenged conduct must constitute state action. See West v. Atkins, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged [constitutional] deprivation was committed by a person acting under color of state

3

law."); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930-32 (1982); Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000); Pino v. Higgs, 75 F.3d 1461, 1464 (10th Cir. 1996). Where, as here, a § 1983 claim is based on the conduct of a private individual, that conduct constitutes state action if it is "'fairly attributable to the state.'" Pino, 75 F.3d at 1465 (quoting Lugar, 457 U.S. at 937). A private individual's conduct is "fairly attributable to the state" if two conditions are met:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the state is responsible. Second, the private party must have acted together with or . . . obtained significant aid from state officials or engaged in conduct otherwise chargeable to the State.

Id. (quoting Wyatt v. Cole, 504 U.S. 158, 162 (1992) (internal quotations and citation omitted)).

In this case, nothing in Plaintiff's complaint suggests that Defendants were acting under state law. Plaintiff states that Defendants are both privately retained attorneys. The "vast weight of authority" holds that "private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983." Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983). "[C]onstitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." Blum v. Yaretsky, 457 U.S. 991, 1004 (1982). Furthermore, even if Plaintiff's complaint is liberally construed to assert a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), his complaint fails to state a claim. To raise a Bivens claim, Plaintiff must show that his attorneys were federal officers acting under color of federal law. Bivens, 403 U.S. at 389. Plaintiff has not made the necessary showing. See Anderson v. Sonenberg, 111 F.3d 962, 1997 WL 196359, at *1 (D.C. Cir. 1997) (unpublished) ("[P]ublic defenders and other attorneys appointed to represent defendants in federal proceedings are not federal officials for purposes of Bivens."); Bradford v. Shankman, 772

4

F.2d 905, 1985 WL 13659, at *1 (6th Cir. 1985) (unpublished) ("[A] private attorney and a federal public defender do not act under color of federal law for purposes of a Bivens action."); Davis v. United States, No. CIV-06-1376-C, 2007 WL 983206, at *6 (W.D. Okla. 2007) (unpublished) (holding a federal public defender is not a federal officer for purposes of a Bivens-type action). In conclusion, because Plaintiff's retained attorneys were not acting under the color of state or federal law, his claim under either 42 U.S.C. § 1983 or Bivens fails to state a claim.[2] Therefore, Plaintiff's complaint shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**B. First "prior occasion" under 28 U.S.C. § 1915(g)**

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

---

[2] Although Plaintiff's federal civil rights complaint fails to state a claim, he may seek recourse by pursuing civil remedies available in state court.

**C. Filing fee obligations**

As a final matter, Plaintiff is reminded that he remains obligated to pay in monthly installments the balance owed on the filing fee for this case. See 28 U.S.C. § 1915(b). As of today's date, the balance owed is **$329.00**

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's complaint (Dkt. # 1) is **dismissed with prejudice** for failure to state a claim upon which relief may be granted.

2. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

3. A separate judgment shall be entered in this matter.

DATED THIS 22nd day of December, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma